UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-00214-BO

| | |
|---|---|
| CAPITOL COMMISSION, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>CAPITOL MINISTRIES,<br><br>                             Defendant.<br><br>CAPITOL MINISTRIES,<br><br>                          Third-Party Plaintiff,<br><br>v.<br><br>JOHN E. ANDERSON, JR., GEORGE H. JACKSON, JAMES E. YOUNG, and DANIEL FILE,<br><br>                          Third-Party Defendants. | **NOTICE OF MOTION AND MOTION BY DEFENDANT CAPITOL MINISTRIES TO COMPEL PRODUCTION OF DOCUMENTS FROM NON-PARTY DAVID DURAN** |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 34 and 45, counsel for Defendant Capitol Ministries will bring on for hearing Defendant's Motion to Compel Production of Documents from Non-Party David Duran on December 6, 2012 at 10:00 a.m. or as soon thereafter as the Court is able to hear the same.

## STATEMENT OF RELIEF SOUGHT

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Defendant Capitol Ministries moves the Court to compel non-party David Duran to produce documents pursuant to a subpoena (Exhibit 1) issued in the Eastern District of California relating to the above-captioned litigation currently pending in the Eastern District of North Carolina.

After producing certain documents sought by the subpoena, Mr. Duran has claimed privilege for eighty-one (81) documents on the basis of "clergy-congregant privilege." There is no basis for Mr. Duran's claims of privilege in these documents.

## STATEMENT OF FACTS

Plaintiff Capitol Commission, Inc. ("Capitol Commission") filed suit against Capitol Ministries in the Eastern District of North Carolina on May 1, 2011, alleging violations of the Lanham Act. Capitol Ministries filed an Answer, Counterclaim, and Third-Party Complaint, naming additional third-party defendants and alleging causes of action for trademark infringement, unfair competition, misappropriation of trade secrets, unfair and deceptive trade practices, and several other tort claims. (Exhibit 2). Under the current Discovery Scheduling Order entered by the U.S. District Court for the Eastern District of North Carolina, discovery must be completed no later than December 31, 2012.

On June 29, 2012, Defendant issued and thereafter served a subpoena upon Mr. Duran seeking documents related to the above-captioned case. Mr. Duran subsequently produced a number of documents in response to the subpoena. On October 3, 2012, however, in response to Capitol Ministries' request for a privilege log, Mr. Duran provided a privilege log (Exhibit 3) showing that eighty-one (81) responsive documents were withheld on the basis of a purported

"clergy-congregant privilege."[1]  This privilege is apparently being claimed for any e-mail communication that Mr. Duran, an employee of Capitol Ministries, had with Mr. Greg Stoever, who served on the Capitol Ministries Board of Directors.  At the time of these communications, Mr. Duran also attended the church at which Mr. Stoever served as a pastor.

On October 12, 2012, the undersigned wrote a letter to Mr. Duran's counsel (Exhibit 4) explaining that under well-settled California law, there is simply no basis for claiming such a privilege in these documents.  The letter further advised that because of Mr. Duran's delay in producing the documents, as well as the need to receive the purportedly privileged documents prior to deposing Mr. Duran before the December 31, 2012 discovery deadline, Capitol Ministries would be constrained to seek the Court's involvement if there was any further delay in producing the document. *Id.* at 2.  More than three weeks later, the undersigned has received no response to the letter.

## ARGUMENT

**I.   THERE IS NO PRIVILEGE UNDER CALIFORNIA LAW FOR E-MAIL COMMUNICATIONS BETWEEN MR. DURAN AND MR. STOEVER ON WHICH MULTIPLE THIRD PERSONS ARE CARBON COPIED.**

California Evidence Code § 1033 provides that "[a] penitent, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a penitential communication if he or she claims the privilege."  Cal. Evid. Code § 1033.  However, California Evidence Code § 1032 defines "penitential communication" as "a communication made in confidence, in the presence of no third person so far as the penitent is aware, to a member of the clergy who, in the course of the discipline or practice of the clergy member's church, denomination, or organization, is authorized or accustomed to hear those communications and,

---

[1] There is no such thing as "clergy-congregant" privilege under California law.  Capitol Ministries assumes that Mr. Duran has invoked California's "clergy-penitent" privilege.

under the discipline or tenets of his or her church, denomination, or organization, has a duty to keep those communications secret."

Thus, under the plain language of Section 1032, the presence of any third person in what would otherwise be a penitential communication destroys the clergy-penitent privilege. *See, e.g., Roman Catholic Archbishop of Los Angeles v. Superior Court*, 131 Cal.App.4th 417, 444-445 (Cal. App. 2d Dist. 2005) ("The record demonstrates the participants in the Archdiocese's troubled-priest interventions knew any communications likely were to be shared with more than one person . . . . [T]he subpoenaed documents themselves amply demonstrate that communications to and from the individual priests were routinely shared by Cardinal Mahony, whoever happened to be the current Vicar for Clergy, and sometimes other Archdiocese employees as well.  This sharing of information violates Evidence Code section 1032's requirement that the penitent's communication be "made in confidence, in the presence of no third person so far as the penitent is aware," to a cleric who is obligated "to keep those communications secret.").  Accordingly, there is no privilege for penitents who seek guidance from a member of the clergy in the presence of similarly interested individuals, even when those individuals are jointly seeking the same spiritual guidance. *See, e.g., Doe 2 v. Superior Court*, 132 Cal.App.4th 1504, 1518 (Cal. App. 2d Dist. 2005) ("Pastor Fernandez noted in her declaration that she "held a weekend retreat to provide religious and spiritual healing to persons affected by Gary Carson-Hull.  To the extent any participant in that retreat made statements to Pastor Fernandez in the presence of other participants, such statements would not be protected from disclosure by virtue of the clergy-penitent privilege because of the presence of other persons."); *Roman Catholic Archbishop of Los Angeles v. Superior Court*, 131 Cal.App.4th 417,

440-441 ("The penitential communications are not privileged because there were not "made in confidence in the presence of no third person so far as the penitent is aware…)

Here, Mr. Duran's privilege log confirms that the vast majority of the purportedly privileged communications to Mr. Stoever were made in the presence of third persons.  In most instances, multiple third persons are carbon copied on the communications between Mr. Duran and Mr. Stoever.  Accordingly, under well-settled California law, there is simply no basis for claiming clergy-penitent privilege in these documents.  Mr. Duran should be compelled to produce these documents immediately.[2]

II.  **THERE IS NO PRIVILEGE UNDER CALIFORNIA LAW FOR E-MAIL COMMUNICATIONS BETWEEN MR. DURAN AND MR. STOEVER THAT WERE MADE IN MR. STOEVER'S CAPACITY AS A CORPORATE DIRECTOR, NOT AS A MEMBER OF THE CLERGY.**

For the remaining documents that appear to contain communications between Mr. Duran and Mr. Stoever that were not made in the presence of any third person, it appears that Mr. Stoever was acting in his capacity as a member of the Capitol Ministries' Board when these communications were made, and not as a member of the clergy "in the course of the discipline or practice of the clergy member's church, denomination, or organization[.]"  Cal. Evid. Code § 1032.  *See* Weil & Brown, CA PRACTICE GUIDE: CIVIL PROCEDURE BEFORE TRIAL (The Rutter Group 2010), Ch.8:190.4 citing *Doe 2 v. Superior Court*, 132 Cal.App.4th 1504, 1519 (Cal. App. 2d Dist. 2005) ("The privilege encompasses any confidential communication by a penitent to a cleric in the cleric's capacity as such.").  For example, Mr. Duran's privilege log contains entries for documents entitled "Human Resource Responsibilities," "Greg Stoever

---

[2] Given Mr. Duran's delay in this matter to date, coupled with Capitol Ministries' need to receive these documents prior to deposing Mr. Duran before the approaching discovery deadline of December 31, 2012, Mr. Duran should be compelled to produce the documents at issue immediately.

Capitol Ministries Board Resignation – Confidential," "Stoever Resignation," and "Solomon Resignation." *See* Exhibit 3. There is no basis for claiming that these documents are privileged in view of California's narrow construction of the clergy-penitent privilege. *See People v. Sinohui*, 28 Cal.4th 205, 212 (Cal. 2002) (explaining that because such evidentiary privileges "prevent the admission of relevant and otherwise admissible evidence, they should be narrowly construed.").

Accordingly, Mr. Duran's claims of privilege are meritless for this second, independent reason, and he should be compelled to produce the documents he has withheld.

## CONCLUSION

For the foregoing reasons, Capitol Ministries' respectfully requests that the Court issue an Order compelling Mr. Duran to produce: (1) all documents for which Mr. Duran has claimed the "clergy-congregant" privilege that were carbon copied to any third-party; and (2) documents made in Mr. Stoever's capacity as a member of the Capitol Ministries' Board, as determined by the Court through an *in camera* review.

Respectfully submitted the 15th day of November, 2012.

| SWEENEY & GREENE LLP | POYNER SPRUILL LLP |
|---|---|
| By: */s/ Stephen J. Greene, Jr.*<br>Stephen J. Greene, Jr.<br>C.A. State Bar No. 178098<br>9245 Laguna Springs Drive, Suite 350<br>Elk Grove, CA 95758<br>Telephone: (916) 753-1300<br>Facsimile: (916) 753-1333<br>Email: sjg@sweeney-greene.com<br><br>**COUNSEL FOR DEFENDANT**<br>**CAPITOL MINISTRIES, INC.** | Eric P. Stevens<br>N.C. State Bar No. 17609<br>Andrew H. Erteschik<br>N.C. State Bar No. 35269<br>P.O. Box 1801<br>Raleigh, NC 27602-1801<br>Telephone: 919.783.6400<br>Facsimile: 919.783.1075<br>Email: estevens@poynerspruill.com<br><br>**COUNSEL FOR DEFENDANT**<br>**CAPITOL MINISTRIES, INC.** |

## CERTIFICATE OF SERVICE

      I hereby certify that I have served this document upon counsel for David Duran and upon counsel for the Plaintiff and Third Party Defendants in the above-captioned matter by sending a copy via electronic mail and first class mail to the following:

>Stephen W. Reed
>Reed & Brown, L.L.P.
>35 North Lake Avenue, Ste 960
>Pasadena, California 91101
>swreed@reedbrownlaw.com
>*Attorneys for David Duran*
>
>Anthony J. Biller
>Emily M. Haas
>Coats & Bennett, PLLC
>1400 Crescent Green, Suite 300
>Cary, NC 27518
>abiller@coatsandbennett.com
>ehaas@coatsandbennett.com
>*Attorneys for Plaintiff and Third Party Defendants*

This the 15th day of November, 2012.

                                              /s/
                                         Maria Ayala