1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CAPITOL COMMISSION INC.,

11          Plaintiff,                              No. 2:12-mc-0093 GEB CKD

12       vs.

13   CAPITOL MINISTRIES,                            ORDER

14          Defendant.

15   _____/

16          Defendant's motion to compel production of documents withheld on the basis of

17   privilege by subpoenaed non-party David Duran is pending before the court.  The motion is

18   noticed for hearing on February 20, 2013.  Because oral argument is not of material assistance,

19   this matter is submitted on the briefs.  E.D. Cal. L.R. 230(g).  Upon review of the joint statement

20   regarding the discovery disagreement, declarations, and in camera review of the documents in

21   dispute, THE COURT FINDS AS FOLLOWS:

22          The underlying action, venued in the Eastern District of North Carolina, asserts

23   claims under the Lanham Act, 15 U.S.C. § 1125 et seq.  Defendant has alleged counterclaims for

24   violation of the California Computer Data Access and Fraud Act, Cal. Penal Code § 502(e)(1),

25   and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200.  A subpoena duces

26   tecum was served on non-party David Duran.  Objection to the production of 91 responsive

1   documents was made on the basis of the clergy-congregant privilege.  The subpoenaed non-party

2   also raised an objection to production based on privacy rights conferred under the California

3   Constitution, Article I, Section 1.

4           The parties dispute whether federal law or state law governs the privilege claims

5   asserted here.  Defendant contends California Evidence Code § 1033, which provides for a

6   penitential privilege, applies in this action; the subpoenaed non-party contends the federal clergy-

7   congregant privilege is determinative.  Because this action is predicated on federal question

8   jurisdiction, the federal law of privilege applies.  Fed. R. Evid. 501; Agster v. Maricopa County,

9   422 F.3d 836, 839 (9th Cir. 2005).  Upon in camera review of the documents, however, the court

10  concludes that whether state or federal privilege law is applied, the objection based on clergy-

11  congregant privilege is not well taken.  See generally In re Grand Jury Investigation, 918 F.2d

12  374, 377 (clergy-communicant privilege protects communications to member of clergy, in his or

13  her spiritual or professional capacity, by persons who seek spiritual counseling and who

14  reasonably expect that their words will be kept in confidence; presence of third parties does not

15  vitiate privilege if essential to and in furtherance of the communication).

16          As noted above, federal privilege governs the objections raised here.  The

17  subpoenaed non-party has also raised an objection under the California Constitution.  Although

18  federal courts are not required to apply state privileges, the court may do so as a matter of comity.

19  See Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D.Cal.1987).  Under California law, the

20  right of privacy is not absolute and may be abridged by a compelling and opposing state interest.

21  Kahn v. Superior Court, 188 Cal. App. 3d 752, 765 (1987) (court must conduct "careful

22  balancing" in determining whether right to privacy should be abridged).  Although discovery of

23  the documents at issue necessarily intrudes into some minimal privacy interests of non-parties to

24  the litigation, the court concludes that those interests are outweighed by disclosure of the

25  information contained in the documents which appears to be directly relevant to the claims

26  asserted in the underlying litigation.

1

2          Accordingly, IT IS HEREBY ORDERED that:

3             1.  The hearing date of February 20, 2013 on defendant's motion to compel is

4   vacated; and

5             2.  Defendant's motion to compel (dkt. no. 15) is granted.  The documents

6   identified in the revised privilege log, dated February 4, 2013, shall be produced within fourteen

7   days from the date of this order.  Documents produced pursuant to this order shall be used solely

8   for purposes of the underlying litigation (Eastern District of North Carolina, case no.

9   5:11-cv-0214-BO).

10    Dated: February 8, 2013

11  _____

12  CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

13

14

4

15  capitolcomm.icr.sub

16

17

18

19

20

21

22

23

24

25

26